The case for argument today is Great West Casualty Company v. Robbins Mr. Wooten Good morning. I'm Louis Wooten for Appellant. May it please the Court. The District Court determined that, quote, ìIt is clear that the clauses in the endorsement are meant to limit coverage and not grant coverage to those remote third parties contemplated by the clause.î With all due respect to the Court's opinion, the Court was answering the question of whether Great West intended to grant coverage to what the Court deemed were remote third parties, but that was not the relevant question before the Court. The question was, does the endorsement clearly and unambiguously exclude coverage for Hoker and Phillips, who without the endorsement would undisputedly have been insureds? See, the policy defines an insured as, quote, ìanyone using a covered auto with Lakeville's permission.î Great West concedes that Hoker and Phillips would have met this definition, and they rely solely on the endorsement to take away coverage for Hoker and Phillips. When viewed in this light, it's apparent that Hoker is not some be unreasonable for coverage to extend. Rather, Hoker is a trucking company who had a specific contractual relationship with Lakeville. They entered into a trailer interchange agreement. That trailer interchange agreement had multiple terms, including insurance terms. Hoker was clearly nowhere near as remote as the class of people who would fall within the definition of, quote, ìanyone who was using a vehicle with Lakeville's permission.î So again, the question was not whether the endorsement grants coverage, as the Court opined on, but whether the only reasonable interpretation of the endorsement was one that excluded coverage for Hoker and Phillips. And that is anything but clear. In your view, what does the endorsement do? In my view, the endorsement is a poorly crafted endorsement that was either intended to clarify that coverage should be provided for the individuals listed. And in that event, it does nothing. So what does it do? Well, I think it does a couple of things. It does a couple of things. Number one, there are plenty of places in the policy and in the case law where it's demonstrated that there's a belt and suspenders approach being used. Something that... Okay, look. I understand the answer. It doesn't do anything. It's just redundant. Is there, in your view, anything it does? The answer ìnoî is perfectly respectable. I don't agree with that. And I would point to the... Okay, so you think it does something. Yes. So just tell me what you think it does. I think it, in our view, adds to the definition of who's an insured, the two classes listed. Then it doesn't do anything. The policy's definition of who is an insured says, A, you for any covered auto. B, anyone else using with your permission a covered auto, right? In your view, I think the endorsement does nothing because B already covers the two categories of people mentioned in the endorsement. In most cases, we would agree, but the Seventh Circuit case of Great West casualty versus national casualty demonstrates that that is not always the case. There are many statutes, including statutes in Indiana which were at issue in the Great West versus national casualty case, that hold that someone who is leasing a vehicle is deemed to be the owner and therefore cannot be a permissive user. No, look. B says anyone else. You and anyone else. The categories ìyouî and ìanyone elseî cover the entire world. I think the ìanyone elseî is finished by anyone else using with your vehicle. With your permission. Correct. It says with your endorsement, both categories covered in the endorsement are people who are using the vehicle with permission. That is Great Westís position in this case. Itís perfectly straightforward. I just donít understand why youíre resisting the conclusion that it does nothing and as you say, theyíre just trying to make clear that B really means what it says. I could understand that argument. I just donít understand the argument that itís doing something coming from you. I guess the argument is that the question that it does nothing assumes that those individuals listed in the endorsement would always be permissive users in every state. How could they not be? In the Great West versus national casualty company, Great West actually argued, based upon a statute, that those who own or lease a vehicle are not permissive users. And multiple states have statutes as such. The Indiana statute is 9-13-2-121 and specifically says someone whoís leasing is not a permissive user. And one of the categories of individuals in the endorsement indicates that it applies to a classification of people who are leasing a vehicle. Let me ask you this question. Because the Great West filed a motor carrier certificate of bodily injury and property damage in Iowa, Illinois and North Dakota, under your theory, shouldnít the court read the insurance laws of these states into the policy too? I think in this case, itís proper to read Wisconsin in because the trailer at issue here was licensed and titled in Wisconsin. And so that gives the contacts to Wisconsin rather than the other additional states. I agree with you on its face that the endorsement does say theyíll comply with all those state laws. Well, and what if there was a conflict between the states? I understand why youíre saying it should be Wisconsin. But what if weíre in a situation where thereís a conflict? Right. I think that you do have to look at the, whether the, I believe the endorsement says that we will comply to the extent we fall within the statute. Itís not those exact words. But there still does have to be some analysis that this particular loss would fall within the statute. That would make things pretty complicated though if there were conflicts, right? Correct, correct. Other than the financial responsibility certification, is there any other part of the policy that refers to or incorporates Wisconsin law? That incorporates Wisconsin law, no. There are, Lakeville does have multiple locations in Wisconsin and there are notations in the policy of those covered locations. And again, the licensing and titling of the vehicle, which is what thereís a requirement to submit the proof of insurance for, was done in Wisconsin. Let me ask you one other question in this area. Does certifying proof of financial responsibility in a state make that stateís law applicable to all disputes that arise under the policy? It means that Great West has to abide by Wisconsin law wherever the accident occurs, yes. And do you have any case law to support that reasoning? Well, the case law to support that, the one case that we have is from the Fifth Circuit. Itís the Canal case. Great West was a party to that and the court determined that an accident occurring in Texas, that the section 194.41 should still apply even though the accident did not occur in Wisconsin. Suppose Wisconsin passed a law that said, ìIn order to drive a truck in our state, you must comply with Wisconsin law in all your operations in every state, period.î That would be the most clearly unconstitutional statute you could imagine, would it not be? It would be. Called extra-territorial application, the Supreme Court has said itís impossible. In answer to Judge Williamsís question, you effectively said that thatís the statute Wisconsin has enacted and which we should enforce. That seems rather strange, does it not? Well, I think the, itís when you, 194.41 discusses. Is it that the reading youíre giving to this statute? Because if it is, itís blatantly unconstitutional. Iím sorry, could you give me the reading again? Itís your own reading. In answer to Judge Williamsís question, Wisconsin is saying, ìIn order to drive a rig in Wisconsin at all, you must comply with Wisconsin law in every state.î Right? Thatís by definition a demand for extra-territorial application of Wisconsin law. Itís blatantly unconstitutional. If thatís your theory about why Wisconsin law applies here, it seems to me youíve got trouble, and I wonder whether thatís really your theory. No, my theory is that when you certify to the Wisconsin Department of Transportation that you will provide coverage for permissive users, then youíre obligated to do that. And regardless of whereÖ Thatís just a restatement of the proposition. You canít drive a truck in Wisconsin without promising to apply Wisconsin law in every state. And no state can do that. Thatís why Iím asking if that can really be your theory here. Well, I donít think thatís my theory, and forgive me if thatís how itís coming out. Iím not suggesting that Wisconsin is saying you have to comply with Wisconsin law everywhere. What Iím saying is that if you wantÖ Wisconsin has a statute that says if you want to operate within Wisconsin, you must file proof of insurance that you will cover permissive users. And once you do that, your policy is required to cover permissive users, and it is notÖ Well, unfortunately, thatís just another verbal description of you canít drive in Wisconsin without promising to apply Wisconsin law to everything that happens in Texas or California or Alaska. And no state can make that demand, which is why Iím wondering why youíre reading Wisconsin as having made that demand. And forgive me, I donít believe Iím reading Wisconsin as having made that demand. Well, Iím inviting you to articulate a theory under which Wisconsin law is applying without the state having made that demand. Again, the issue is that Wisconsin has determined under Section 194.02 that they have an interest in regulating trucking business within their state. And we have a company here that was conducting trucking operations within the state, and it simply says this is not a requirement where theyíre asking HOKR or Lakeville to comply with any laws. What theyíre asking is that once youíve certified that you will cover permissive users to the state, that you do that, because you canít operate in Wisconsin without certifying that. And thereís not a single case thatís held that 194.41 canít beÖcannot be extended across state lines. I want to talk briefly about Section 632.32. Itís a separate statute other than 194.41. In 632.32, it applies only to policies issued or delivered within the state of Wisconsin. This court, in the decision of Muhlenberg, indicatedÖasked that certified the question to the Wisconsin Supreme Court of whether 194.41 incorporates 632.32. And the court didnít answer that question because they found 194.41 clearly applied. However, the court did say that its holding was ìin harmonyî with Rule 632.32. Another reason why we believe the district court erred in finding 632.32 does not apply is that this policy was issued or delivered in Wisconsin. The court prescribed a very narrow definition of what ìissued or deliveredî means, saying that only the principal address of the first named insured is where the policy is delivered. In our brief, we cited a case from Minnesota indicating that simply delivering a certificate of insurance within a state to a lessor is issued. In this case, we had a delivery of a policy, not just to a lessor, but to the Department of Insurance. A certificate of insurance was delivered to the Wisconsin Department of Insurance. And we believe thatís sufficient to demonstrate that the policy was delivered in Wisconsin. Iíd like to save the rest of my time for a betterÖ If after the policy is issued, one owner sends a copy of it to somebody else in Arizona, does that mean the policy is delivered in Arizona by the official, uniformed U.S. government messenger that is the Postal Service? No, I believe that it would need to be delivered by the insurance company. And in this case, it was delivered by the insurance company to the department. Iíd like to save the rest of my time for rebuttal, please. Thank you. You have, I think, about 15 seconds. Mr. Taylor. May it please the Court. Your Honor, Iíd like to address the first question that was asked about what does the endorsement do. And the endorsement adds two additional categories of people who donít qualify as insureds to the section of the policy identifying insureds. Thereís an under the coverages section, capital letter A coverage, subheading number one, who is an insured, and then under that subheading B, anyone else while using, with your permission, a covered auto, you own, hire, or borrow, accept, and it lists a number of people who donít qualify as insured. And the endorsement adds to that section, A1B, two additional categories. So there canít be any doubt about what the endorsement does. It adds two additional categories of people who donít qualify as insureds. And thatís what the district court, I think, found. And as to the question of application of Wisconsin law outside of the state, I mean, thatís really whatís happening here. The only opposition to, or response to the argument that Hoeker and Phillips donít qualify as insureds is that Wisconsin law essentially reads those provisions out of the policy, and that they are entitled to But the fact is, the accident happened in Indiana, not in Wisconsin. Chapter 194 of the Wisconsin statutes, which covers motor carriers, says in numerous places that the statutes apply in Wisconsin. Thereís nothing in the statute that suggests it would apply extraterritorially. And as Your Honor has acknowledged, they couldnít have done that. The legislature of Wisconsin couldnít have done that. No, they could. I mean, thatís how the Supreme Court comes to declare certain state statutes unconstitutionally extraterritorial. State legislatures do that from time to time. Well, I guess what I meant, Your Honor, was that they couldnít constitutionally do that. I thought your position was that you were sure they hadnít tried to do that because 194.41.1 says in it that it doesnít apply to a motor carrier registered in another state. And Wren is registered in Minnesota. Both Lakeville and Wren are registered in Lakeville. Sorry, Lakeville is registered. Theyíre the policyholders. Yes. Theyíre both businesses in Minnesota. But the statute indicates that it applies in Wisconsin, and the reason that presumably, to read the mind of the legislature, that it is therefore accordingly limited to Wisconsin and no case holds otherwise. The Gulf case from the Fifth Circuit that the appellants have cited is an unpublished procurium decision that doesnít address the question one way or the other. It addresses an accident case and the application of the law, but it doesnít discuss whether the statute should be applied outside of Wisconsin and doesnít really stand for anything in that regard. And even if the court had addressed it, it wouldnít be controlling. So itís really not on point. So 171, excuse me, 194.41 is limited to Wisconsin. 632.32, the other, the omnibus statute, is similarly limited to Wisconsin effectively through the language of the statute that requires or that says that it applies only to policies issued in Wisconsin. The policy here was issued to the insured, to the insured Lakeville in Minnesota by Issued the right word or is delivered? Iím sorry, delivered. Youíre right, Your Honor. Delivered. It was delivered to the insured in its home state of Minnesota. The delivery of the policy Well, look, the plaintiffís argument is that delivery as used in 632.32 means sent. So the same policy could be in principle delivered in all 50 States plus Luxembourg. Now, how do we know whether thatís the meaning in 632.32? Well, I think we know that thatís not the meaning because that would be unreasonable to interpret. I have no presumption that states always refrain from unreasonable legislation. Well, it I just want to figure out what the word means. Right. It means delivered to the insured and the insured here How do we know that? Well, because thatís Are there regulations, are there other statutes in Wisconsin that help us figure out what Wisconsin means by the word delivered? No, Your Honor. There really isnít a definition. The cases that discuss it implicitly acknowledge without much discussion that issuance by a carrier of a policy to an insured is delivered where the insured is and the insured here is in Minnesota. But no, thereís not a really good definition of that in the statute or really any definition. But, you know, sending the policy to the Wisconsin, you know, Bureau of Motor Vehicles doesnít qualify as delivering a policy to the insured. And thereís no, certainly no authority for that. If the Court has no other questions, Your Honor, Iím finished. It doesnít look like we do. Thank you very much, Mr. Taylor. Anything further, Mr. Wooten? I want to be very brief. Guaranteed. Delivery of a policy to the insured is not in the statute. It does not say delivery to the insured. It says a policy delivered in Wisconsin. The only authority cited in either brief for what delivery means is the case we cited from Michigan, which saysó Yeah, well, you know, this is a word in a Wisconsin statute. Is there any definition, you say no in the statute, any regulatory definition by the Commissioner of Insurance about what delivery means? There are absolutely no evidence, thereís no definition of what delivery is, just simply multiple cases saying that this statute is to be interpreted as broadly as possible for the purpose of giving coverage, not taking it away. Thank you, Your Honor. Okay. Thank you very much. The case is taken under advisement.